1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10   JOEL R. HENDERSON,                )   Civil No. 06CV1545 JAH(WMc)
                                       )
11                    Petitioner,      )   **ORDER ADOPTING THE**
     v.                                )   **MAGISTRATE JUDGE'S REPORTS**
12                                     )   **AND RECOMMENDATIONS**
     MATTHEW CATE, Secretary of the    )   **[DOCS. # 50, 71]; OVERRULING**
13   California Department of Corrections, ) **PETITIONER'S OBJECTIONS**
                                       )   **[DOCS. # 58, 73]; DENYING**
14                    Respondent.      )   **PETITIONER'S MOTION FOR**
                                       )   **EVIDENTIARY HEARING [DOC.**
15                                     )   **# 66] AND DENYING PETITION**
                                       )   **FOR WRIT OF HABEAS CORPUS**
16   _____  )   **IN ITS ENTIRETY**

17                              **INTRODUCTION**

18        Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a

19   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Honorable William

20   McCurine, Jr., United States Magistrate Judge, issued two separate reports and

21   recommendations recommending that the instant petition, as well as petitioner's motion

22   for an evidentiary hearing, be denied.  Petitioner has filed objections to each of the

23   magistrate judge's reports.  After a careful consideration of the pleadings and relevant

24   exhibits submitted by the parties, and for the reasons set forth below, this Court **ADOPTS**

25   the magistrate judge's recommendations *in toto*, **OVERRULES** petitioner's objections;

26   **DENIES** petitioner's motion for an evidentiary hearing, and **DENIES** the petition for writ

27   of habeas corpus in its entirety.

28   //

## BACKGROUND[1]

After waiving his right to jury trial on his prior convictions, petitioner was convicted on March 20, 2003, after a jury trial, of one count of second degree robbery stemming from an altercation that occurred between petitioner, a companion and two Walmart employees outside a Walmart store in San Diego after petitioner and a companion were seen placing an item in petitioner's pocket in the store and leaving without paying for it.[2] On March 24, 2003, petitioner waived his right to a court trial on the prior convictions and admitted he had suffered prior felony convictions, prison priors, serious felony prior convictions, an a strike prior conviction. On October 3, 2003, petitioner was sentenced to a fifteen year prison term.

That same day, petitioner filed an appeal of his conviction and concurrently filed a petition for writ of habeas corpus before the California Court of Appeal. The appeal was affirmed and the state petition was denied in an unpublished decision filed on February 18, 2005. Petitioner then filed a petition for review before the California Supreme Court, which was denied on May 11, 2005.

Petitioner filed his first federal habeas petition on July 18, 2005, but that petition was dismissed without prejudice on November 28, 2005, in order to allow petitioner the opportunity to exhaust new claims. *See* Case No. 05CV1449 LAB(NLS). On July 31, 2006, petitioner filed his second federal habeas petition before this Court, which contained both exhausted and unexhausted claims. The petition was stayed so that petitioner could present his unexhausted claims to the state court.

---

[1] A detailed statement of facts taken verbatim from the state court's unpublished opinion affirming petitioner's conviction on direct review was presented by the magistrate judge in both reports. *See* Docs. # 50 at 4-5; 71 at 2-3. As required on federal habeas review, the factual findings made by the state appellate court are presumed correct and are to be given great deference. *See* 28 U.S.C. § 2254(a)(1); Sumner v. Mata, 449 U.S. 539, 545-47 (1981). Petitioner does not object to the factual findings as presented by the magistrate judge. *See* Docs. # 58, 73. Therefore, this Court adopts those factual findings in full and presents only a general summary of the facts and procedural history here.

[2] The jury also found petitioner not guilty on one count of transportation of more than 28.5 grams of marijuana, a charge that stemmed from the fact that 284 grams of marijuana were found in a backpack located in the trailer of the truck petitioner was driving at the time of his arrest on the robbery charge.

Petitioner, on April 12, 2007, filed an amended petition for writ of habeas corpus[3] along with a second motion seeking a stay of proceedings pending the outcome of a state court petition containing two new claims presented in his amended petition. This Court, on August 20, 2007, granted petitioner's second motion and stayed the petition until the state court issued its ruling on the petition on October 31, 2007.

After the petition was fully briefed, the magistrate judge issued a report and recommendation on May 16, 2008, recommending the petition be denied in its entirety. On June 23, 2008, petitioner filed objections to the May 16, 2008, indicating, among other things, that one of the claims presented in the petition, a false evidence claim, was not addressed in the answer filed by respondent nor the magistrate judge's report. *See* Doc. # 58. In addition, on July 9, 2008, petitioner filed a supplemental response to the report containing further objections to the magistrate judge's findings and conclusions. *See* Doc. # 61. On December 1, 2008, this Court, in an abundance of caution, remanded the matter back to the magistrate judge to address the omitted false evidence claim. *See* Doc. # 62. After the parties filed supplemental briefs addressing the false evidence claim, the magistrate judge issued a supplemental report, on March 16, 2009, recommending that the false evidence claim, presented as part of claim eleven in the amended petition and presented more fully in a supplemental document submitted by petitioner on remand, as well as the previously addressed claims presented in the petition and the amended petition be denied. *See* Doc. # 71. Petitioner filed objections to the magistrate judge's supplemental report on April 16, 2009. No reply to the objections has been filed.

//

//

//

//

//

---

[3] The amended petition was initially filed separately and given a new case number but was later incorporated into this case and construed as an amended petition. *See* Doc. # 27.

**DISCUSSION**

**1.    Legal Standard.**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Title 28, United States Code, Section 636(b)(1).  Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  Id.  It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous.  Thomas v. Arn, 474 U.S. 140, 153 (1985).

**2.    Analysis**

Petitioner presents eighteen claims for habeas relief in his petition, amended petition and supplement to his amended petition.  The claims can be placed into five categories: (1) jury issues (claims one, two, three and twelve); (2) sentencing errors (claims seven, eight, nine, and ten); (3) ineffective assistance of trial and appellate counsel (claims six, eleven, thirteen, fourteen, fifteen, sixteen, and seventeen); (4) the newly addressed false evidence claim (claim eighteen); and (5) claims that are not cognizable on federal habeas review (claims four and five).  In both reports, the magistrate judge addressed each claim in depth and concluded that none of petitioner's claims had merit.  Petitioner, in his objections and supplemental objections, presents both specific and general objections to the magistrate judge's findings and conclusions.

**1.    Jury Issues**

Petitioner's claims one, two, three and twelve allege the trial court erred by (a) denying petitioner a further hearing regarding possible juror misconduct and coercion [claims one and twelve]; (b) instructing the jury with a misleading definition of the term "force" [claim two]; and (b) failing to give an instruction to the jury on the lesser included offense of petty theft [claim three].

//

### a.    Claims One and Twelve

Claims one and twelve allege error in regards to Juror No. 10, who was identified during jury deliberations as being in disagreement with the other eleven jurors on the robbery count and sought to be excused because one of the other jurors believed she was acting out of bias.  The trial court, after questioning the jury foreman and Juror No. 10 regarding the alleged bias, allowed the deliberations to resume and the jury eventually reached a unanimous verdict on the robbery count.  Petitioner subsequently requested the release of the jurors' names and addresses in order to investigate the possibility of coercion of Juror No. 10.  In addition, sometime after the verdict was reached, Juror No. 10 sent a letter to the trial court in which she claimed she had been treated cruelly during jury deliberations, was never allowed to present her thought processes, and would never know if she had reached a guilty verdict on the facts or simply because she "had reached a point of 'giving up.'"  Lodgment 18, Vol. 5 at 645-46.  The letter also stated that:

> At the end of deliberations, one juror presented his thought process pertaining to the facts in a manner that was acceptable to me, and my analysis of the facts under the guidance of your instructions, and which would allow me to reach the same verdict as the rest of [the] jurors."

Id.  The trial court denied petitioner's motion, finding no evidence of misconduct based on this statement and the trial court's prior admonishment of Juror No. 10 to stand by her version of the facts and not to allow herself to be intimidated or coerced.

### 1.    Claim One

In regards to claim one, petitioner contended, in both his petition and traverse, that the trial court erred in denying his motion for an evidentiary hearing on the issue of possible juror misconduct, thereby violating petitioner's rights under the Sixth and Fourteenth Amendments.  *See* Doc. # 28 at 18-31; Doc. # 47-2 at 9-10.  The magistrate judge, after a review of the record, determined that the trial court's denial of petitioner's motion for an evidentiary hearing was not unreasonable or contrary to clearly established federal law and, thus, recommended the claim be denied.  *See* Doc. # 50 at 10 (citing Thompson v. Borg, 74 F.3d 1571, 1574 (9th Cir. 1996)(noting that in cases of alleged

juror misconduct where the trial judge "adequately cured the defect that no actual prejudice resulted, the error is harmless and the defendant is not entitled to the writ."). In addition to petitioner's general objections to the magistrate judge's findings and conclusions and a lengthy reiteration of the arguments he had previously presented in his traverse to the petition, *see* Doc. # 58 at 3-8; Doc. # 47-2 at 9-17, petitioner specifically objects to the factual findings presented by the magistrate judge, in that petitioner claims that the magistrate judge "failed to consider the hold out juror [was] broken down in tears[,] not able to even hold her head up out of her lap when she entered the courtroom to deliver the verdict [which is] a strong indication that something was wrong ..." Id. at 5. Petitioner also specifically objects to the magistrate judge's citations to various case authority, contending the cases are not analogous to the facts here. *See* Doc. # 58 at 7-8.

This Court has conducted a careful *de novo* review of the factual findings and conclusions of law presented by the magistrate judge in regards to this issue. Based on that review, this Court finds the magistrate judge was correct in determining the trial court's denial of petitioner's motion for an evidentiary hearing was not unreasonable nor contrary to federal law. The magistrate judge correctly noted that federal law does not require an evidentiary hearing in every case where jury misconduct is at issue, but instead "'must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source.'" Doc. # 50 at 9 (quoting Tracy v. Palmateer, 341 F.3d 1037, 1044 (9th Cir. 2003)).[4]  The magistrate judge also noted the following:

> While Juror 10 may have expressed concern about the possibility of coercion by the majority, the evidence suggests Juror 10 was eventually persuaded to change her vote. When Juror 10 raised the issue with the court, she was told by the court not to give in to pressure of the others, to stand by her beliefs, and that a hung jury was an acceptable result. ... When asked by the trial court whether she could 'stand firm' in her position, Juror 10 replied she could.

---

[4] Although petitioner objects to the magistrate judge's citation to Tracy on grounds that the facts in that case are not analogous to the facts here, *see* Doc. # 58 at 7, this Court finds that Tracy was cited not for its factual similarity to this case but for the Ninth Circuit's direction as to what courts must consider when determining whether an evidentiary hearing is to be held on allegations of jury misconduct. *See* Doc. # 50 at 9 (citing Tracy, 341 F.3d at 1044). Therefore, petitioner's objection to the magistrate judge's citation to Tracy is OVERRULED.

Doc. # 50 at 9 (citing Lodgment 18, Vol. 5 at 595-96). In addition, as to petitioner's contention regarding the impact of Juror No. 10's letter to the court, the magistrate judge determined that, despite Juror No. 10's averments concerning the way she perceived herself to have been treated by her fellow jurors during deliberations, Juror No. 10 indicated clearly in her letter that she believes she had reached her verdict based on a fellow juror's presentation of "'his thought process'" which, coupled with the court's jury instructions, allowed her "'to reach the same verdict as the rest of [the] jurors.'" Doc. # 50 at 10 (quoting Lodgment 18, Vol. 5 at 595-96). The magistrate judge thus determined that, under these circumstances, an evidentiary hearing on the issue of juror misconduct was not mandated by federal law because any error caused by the alleged misconduct was harmless since it had been adequately cured by the trial court and no actual prejudice appeared to have resulted. Id. (citing Thompson v. Borg, 74 F.3d 1571, 1574 (9th Cir. 1996)).

Petitioner generally and specifically objects to this conclusion, arguing specifically that the magistrate judge did not apply the correct standard and should have determined whether the error was harmless through a determination of whether "the constitutional error had substantial and injurious effect or influence in determining the jury verdict." Doc. # 58 at 8. However, a review of the case authority cited, this Court finds that the magistrate judge applied the proper standard in analyzing this issue. *See* Thompson, 74 F.3d at 1574 (juror misconduct is harmless error if the trial judge adequately cures the defect and no actual prejudice results). This Court further finds the magistrate judge provided a cogent analysis of this claim. Therefore, this Court OVERRULES petitioner's specific and general objections to the magistrate judge's findings and conclusions regarding claim one.

### 2. Claim Twelve

In claim twelve, petitioner alleges the trial court coerced Juror No. 10 into casting a guilty vote in violation of petitioner's rights under the Sixth and Fourteenth Amendments. *See* Doc. # 28-4 at 29. The magistrate judge determined that this claim

was meritless based on a consideration of the totality of the circumstances.  Doc. # 50 at 25-27.  The magistrate judge pointed out the trial court clearly advised Juror No. 10 that she should "stand by the facts" as she found them and not capitulate to the other jurors under duress, as well as that a hung jury was an acceptable outcome. Id. at 26.  The magistrate judge further noted that, despite petitioner's assertions to the contrary, Juror No. 10 did not indicate further deliberations would be fruitless but, instead, answered affirmatively when asked if she could continue deliberating while standing by her firm beliefs.  Id.  Based on these circumstances, coupled with Juror No. 10's letter indicating her decision was made after a fellow juror explained the facts in a manner acceptable to her, the magistrate judge determined no coercion occurred. Id. at 26-27.

Petitioner presents extensive objections to this claim. *See* Doc. # 61 at 7-11.[5] Although petitioner appears to present specific objections to the magistrate judge's findings and conclusions, this Court's careful review of the record reveals that petitioner simply reiterates in his objections the same arguments he made previously in support of his claim. *See* id.; *compare* Doc. # 28-4 at 29-33.   As such, this Court may adopt the magistrate judge's findings and conclusions regarding this claim, provided they are not clearly erroneous. Thomas, 474 U.S. at 153.  This Court, after a careful review of the record, finds that the magistrate judge presented a cogent analysis of the issue presented in this claim.  This Court agrees with the magistrate judge's assessment of the totality of the circumstances, in that the record does not clearly reflect coercion took place in regards to the trial court's interaction with Juror No. 10.   Therefore, this Court finds the magistrate judge's findings and conclusions were not clearly erroneous as to claim twelve. Accordingly, this Court adopts the magistrate judge's findings and conclusions on claim twelve and overrules petitioner's general objections thereto.

//

//

---

[5] Petitioner numbered the pages on this document beginning with page 5 and continuing sequentially. Thus, page number 1 is numbered as page 5, page number 2 is numbered as page 6, and so on.

06cv1545

**b.    Claim Two**

In claim two, petitioner alleges the trial court instructed the jury with a misleading definition of the term "force" thereby violating his due process rights under the Fourteenth Amendment. *See* Doc. # 28 at 39. Petitioner contends that the jury instruction given, which stated: "Force, as used in these instructions must be intentional and must be more than accidental contact," was misleading, incomplete and not in compliance with state law. Id. at 37-38. The magistrate judge first noted that the state court analyzed this claim based solely on state law thereby rendering the claim not cognizable. Doc. # 50 at 11 (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991). However, even assuming the jury instruction used was in error under state law, the magistrate judge further determined that, under the facts in this case, "it cannot be said that the instruction 'so infected the entire trial that the resulting conviction violated due process.'" Doc. # 50 at 11-12; *see* Estelle, 502 U.S. at 72. Petitioner does not object to these findings and conclusions. This Court finds that the magistrate judge correctly determined petitioner's claim is not cognizable and, even if it were, the claim would fail based on the facts here. Accordingly, this Court finds the magistrate judge's determination as to this claim was not clearly erroneous and adopts the findings and conclusions regarding this claim in full.

**c.    Claim Three**

In claim three, petitioner contends that the trial court erred by failing to give a jury instruction on the lesser included offense of petty theft. *See* Doc. # 28 at 41. The magistrate judge determined that this claim fails for three reasons: (1) such is not cognizable on federal habeas review; (2) even if it were, the principles of due process were not violated in this case because a petty theft instruction would only have been warranted absent force used in the taking of the item; and (3) even if the failure to give the instruction was considered error, the error was harmless. *See* Doc. # 50 at 12-14. Petitioner does not object, specifically or generally, to the magistrate judge's findings and conclusions regarding this claim. *See* Docs. # 58, 61, 73.

After a careful *de novo* review of the record in regards to this issue, this Court agrees

06cv1545

with the magistrate judge's assessment.  As the magistrate judge pointed out, the Ninth Circuit has held "the failure of a state court to instruct on a lesser included offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." <u>James v. Reese</u>, 546 F.2d 325, 327 (1976); *see* Doc. # 50 at 13. Thus, the magistrate judge correctly determined that, absent a claim of due process violation on the grounds that the failure to instruct deprived petitioner of a defense theory, the claim is not cognizable on federal habeas review.  The magistrate judge further correctly determined that no due process violation occurred because the instruction was not warranted under the circumstances of this case and, even it were, any error by the trial court was harmless.  Therefore, this Court adopts the magistrate judge's findings and conclusions regarding this claim in full.

### 2. Sentencing Errors

Petitioner alleges, in claims seven, eight, nine and ten, that (a) the trial court's imposition of an upper term sentence based on factors not found by the jury [claim seven] and imposition of a sentence based on prior convictions not submitted to the jury [claim ten] violates petitioner's rights under the Sixth and Fourteenth Amendments under <u>Blakeley v. Washington</u>, 542 U.S. 296 (2004), requiring the matter to be remanded for a new sentencing hearing [claim eight]; and (b) the trial court improperly imposed a sentence enhancement based on a 1992 conviction for a violation of California Penal Code § 245(a)(1) [claim nine].

### a. Claims Seven, Eight and Ten

Claims seven, eight and ten present challenges to the petitioner's sentence based on <u>Blakely</u>, 542 U.S. 296.  Claims seven and eight allege the trial court imposed an upper term sentence that runs afoul of <u>Blakely</u> based on the use of factors not found by a jury The magistrate judge found these claims meritless because any error committed by the trial court in imposing an upper term sentence was harmless. *See* Doc. # 50 at 17-19.  Claim ten alleges the trial court improperly based petitioner's sentence on prior convictions that were not submitted to a jury for consideration which the magistrate judge determined was

not a correct interpretation of <u>Blakely</u>.  *See* <u>id.</u> at 21-22. Petitioner does not present objections to the magistrate judge's findings and conclusions concerning these claims. After a careful review of the record, this Court finds the magistrate judge's cogent and thorough analyses of these claims are not clearly erroneous.  Therefore this Court adopts the magistrate judge's findings and conclusions as to claims seven, eight and ten in their entirety.

**b.  Claim Nine**

Petitioner alleges, in claim nine, that the trial court erred by improperly imposing a sentence enhancement based on a conviction that petitioner claimed was insufficient to constitute a serious felony.  The magistrate judge determined this claim lacked merit because the case authority belied the claim.  *See* Doc. # 50 at 20-21.  Petitioner does not object to the magistrate judge's findings and conclusions regarding this claim.  This Court has thoroughly reviewed the case authority cited by the magistrate judge and finds the magistrate judge presented a cogent analysis of the issue presented in this claim. Therefore, this Court finds the magistrate judge's findings and conclusions as to this claim are not clearly erroneous and, accordingly, adopts them in full.

**3.  Ineffective Assistance of Trial and Appellate Counsel**

In claims six, eleven, fourteen, fifteen, sixteen, and seventeen, petitioner presents arguments concerning the effectiveness of his trial and appellate counsel.  Specifically, petitioner contends that (a) trial counsel failed to request a lesser included offense instruction on petty theft [claims six and seventeen] and appellate counsel failed to present a claim for ineffective assistance of trial counsel based on failure to request a lesser included offense instruction on petty theft to the California Supreme Court [claim sixteen]; (b) appellate counsel failed to raise an ineffective assistance of counsel claim based on lack of a proper investigation [claim eleven]; (c) appellate counsel failed to raise a jury coercion claim [claim thirteen]; and (d) appellate counsel failed to raise a claim on appeal concerning the improper introduction at trial of an automobile gauge [claims fourteen and fifteen].

06cv1545

### a.    Claims Six, Sixteen and Seventeen

Claims six, sixteen and seventeen all turn on the issue of whether petitioner's trial counsel was ineffective by failing to request a jury instruction on the lesser included offense of petty theft.  The magistrate judge determined that counsel's failure did not prejudice petitioner and, thus, counsel was not ineffective under the guidelines set forth in <u>Strickland v. Washington</u>, 466 U.S. 688 (1984).  *See* Doc. # 50 at 15-17, 29-30. Petitioner does not object to the magistrate judge's determination regarding this issue. Therefore, based on this Court's review of the record regarding these claims, this Court finds the magistrate judge's findings and conclusions as to claims six, sixteen and seventeen are not clearly erroneous, in that the magistrate judge presented a cogent and thorough analysis of these claims.  Accordingly, this Court adopts the magistrate judge's findings and conclusions regarding claims six, sixteen and seventeen in full.

### b.    Claim Eleven

Petitioner alleges, in claim eleven, that his trial counsel was ineffective because he failed to conduct a proper investigation.  The magistrate judge found this claim meritless for two reasons:  (1) because petitioner failed to meet his heavy burden of demonstrating counsel's performance was deficient; and (2) because no prejudice had been shown.  *See* Doc. # 50 at 22-24.  Petitioner specifically objects to the magistrate judge's findings and conclusions, contending that he presented sufficient evidence, in the form of a declaration, demonstrating counsel's performance fell below an objective standard of reasonableness. *See* Doc. # 61 at 6.  However, petitioner does not present objections to the magistrate judge's determination that no prejudice had been shown but for counsel's alleged deficient performance.  This Court has thoroughly reviewed the record and finds that the magistrate judge correctly found the alleged negligent investigation would not have had an effect on the outcome of the trial based on the fact that further investigation into the witnesses and evidence petitioner points to would not have aided in petitioner's defense.  *See* Doc. # 50 at 22-23.  Thus, even if petitioner prevailed on his theory of deficient performance, petitioner could not meet the second prong of <u>Strickland</u> by demonstrating but for

counsel's deficient performance, the outcome of the trial would have been different. *See*
Strickland, 466 U.S. at 689. Accordingly, this Court overrules petitioner's specific and
general objections to the magistrate judge's findings and conclusions regarding this claim
and adopts the magistrate judge's determination in full.

### c.   Claim Thirteen

Petitioner alleges, in claim thirteen, that his appellate counsel was ineffective for
failing to raise a jury coercion claim on appeal. The magistrate judge found that
petitioner's jury coercion claim lacked merit, in that petitioner failed to show he was
prejudiced by appellate counsel's failure to raise the issue on appeal. *See* Doc. # 50 at 27.
No objection to this finding having been presented by petitioner, this Court agrees with
the magistrate judge and finds this claim lacks merit. Therefore, this Court adopts the
magistrate judge's findings and conclusions as to this claim.

### d.   Claims Fourteen and Fifteen

Claims fourteen and fifteen allege that trial counsel and appellate counsel were each
ineffective because they did not raise, at trial or on appeal, a challenge to the prosecutor's
inference regarding an automobile gauge that was impounded two days after petitioner was
arrested. Petitioner claims that the prosecutor improperly inferred the impounded gauge
was the gauge petitioner was accused of stealing when the impounded gauge was actually
not found in petitioner's truck or in his possession. The magistrate judge noted that the
testimony presented at trial was inconsistent with petitioner's assessment of the evidence,
in that there was no testimony regarding an impounded gauge. *See* Doc. # 50 at 28-29.
The magistrate judge pointed out that the detective whose testimony petitioner claims led
to an improper inference by the prosecution actually testified that the box for the gauge
was the item impounded, not the gauge itself. *See* id. Therefore, based on this testimony,
the magistrate concluded that there was no basis for petitioner's ineffective assistance of
counsel arguments presented in claims fourteen and fifteen. Id. at 29.

//
//

Petitioner presents objections to the magistrate judge's conclusion regarding these claims. *See* Doc. # 61 at 12-13.   However, the objections raised by petitioner in regards to these two claims appear to be directed at the magistrate judge's findings and conclusions as to petitioner's claim alleging that false evidence was presented at trial and not directed at the magistrate judge's findings and conclusions as to trial and appellate counsel's alleged failure to challenge the prosecutor's inference regarding the evidence. *See* id. at 13.  Thus, no specific objections has been raised as to these two claims.    This Court's review of the record reveals that the magistrate judge's findings and conclusions as to claims fourteen and fifteen are not clearly erroneous, in that the magistrate judge correctly concluded, based on the record presented, that there was no basis for petitioner's claims.   Therefore, this Court adopts the magistrate judge's findings and conclusions regarding claims fourteen and fifteen in full.

### 4.    False Evidence Claim (Claim Eighteen)

Although petitioner did not fully allege a separate false evidence claim in his petition or amended petition, after a careful review of the record in this case, this Court deemed it appropriate to allow petitioner the opportunity to present the claim fully in subsequent pleadings. *See* Doc. # 62. Petitioner provided ample discussion of this issue in supplemental pleadings, *see* Docs. # 64, 66, and respondent addressed the issue in a response to petitioner's supplemental pleadings.   *See* Doc. # 68.   Petitioner's false evidence claim alleges that petitioner's rights under the Fourteenth Amendment to due process were violated because two pieces of evidence, in the form of impound documentation for an empty gauge box and a photograph of the empty gauge box, were falsified. *See* Doc. # 64 at 9-10, 12-13. The magistrate judge, in a supplemental report and recommendation, determined that petitioner had failed to meet his burden of presenting competent evidence to support his claim that the evidence was falsified. Doc. # 71 at 10-11.  In addition, the magistrate judge determined that petitioner was not entitled to an evidentiary hearing because he had only presented bare conclusory allegations regarding the alleged falsification of evidence that does not merit an evidentiary

1  hearing.  Id. at 12 (citing Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)).

2      Petitioner presents a lengthy discussion of this claim in his objections to the
3  magistrate judge's supplemental report and recommendation. See Doc. # 73. This Court's
4  thorough review of petitioner's objections reveals that petitioner does not specifically
5  object to any particular portion of the magistrate judge's findings and conclusions in
6  regards to this claim.   Instead, petitioner merely generally objects to the ultimate
7  conclusion that his claim lacks merit and that he does not meet the criteria meriting an
8  evidentiary hearing on the issue. See id.  Based on this lack of specificity, this Court need
9  only determine whether the magistrate judge's findings and conclusions are clearly
10  erroneous. See Thomas, 474 U.S. at 153.  This Court's review of the record reveals the
11  magistrate judge provided a thorough and cogent analysis of this claim.  This Court agrees
12  with the magistrate judge's determination that petitioner has not sufficiently met his
13  burden of demonstrating the evidence was falsified and that petitioner failed to show he
14  is entitled to an evidentiary hearing due to his conclusory assertions regarding the alleged
15  false evidence.  Therefore, this Court overrules petitioner's general objections to the
16  magistrate judge's findings and conclusions and adopts the findings and conclusions
17  presented by the magistrate judge concerning this claim in full.

18      **5.    Not Cognizable Claims**

19      Claim four alleges trial court error in sentencing based on an alleged misapplication
20  of state law.  Doc. # 28 at 59-65.  Claim five appears to be a request to consolidate his
21  state habeas petition with his appeal before the state appellate court. See Doc. # 28-2 at
22  3.  The magistrate judge found both of these claims were not cognizable on federal habeas
23  review. See Doc. # 50 at 15.  Petitioner raises no objections to this finding.  This Court
24  agrees with the magistrate judge's assessment concerning these claims, in that, there can
25  be no question that these two claims are not cognizable on federal habeas review.
26  Accordingly, this Court adopts the magistrate judge's findings and conclusions as to claims
27  four and five in full.

28

**CONCLUSION AND ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.  The findings and conclusions of the magistrate judge presented in both reports [docs. # 50, 71] are **ADOPTED** in full;

2.  Petitioner's objections to the reports [docs. # 58, 61, 73] are **OVERRULED**;

3.  Petitioner's motion for an evidentiary hearing is **DENIED**; and.

4.  The instant petition for writ of habeas corpus is **DENIED** in its entirety.

DATED:      September 23, 2009

JOHN A. HOUSTON
United States District Judge

06cv1545